UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE STATE OF NEW YORK,

                         **Plaintiffs,**

v.

EASTMAN KODAK CO., BAUSCH & LOMB, INC.,
XEROX CORP., E.I. DUPONT DE NEMOURS & CO.,
ROCHESTER GAS & ELECTRIC CO., CHLORIDE
POWER ELECTRONICS, INC., on behalf of its former
division, CHLORIDE ELECTRO NETWORK, BASTIAN
BROS. CO., LUSTER COATE METALIZING CORP.,
THE UNIVERSITY OF ROCHESTER, and
MONROE COUNTY,

                         **Defendants.**

JUDICIAL
CONSENT
DECREE

05-CV-6606L(P)

---

## CONSENT DECREE

Plaintiff, the State of New York ("Plaintiff" or the "State"), and Defendants Eastman Kodak Co., Bausch & Lomb, Inc., Xerox Corp., E.I. Dupont De Nemours & Co., Rochester Gas & Electric Co., Chloride Power Electronics, Inc., on behalf of its former division, Chloride Electro Network, the University of Rochester, and Monroe County ("Settling Defendants"), hereby agree as follows:

## RECITATIONS

1.    The State filed its Complaint pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), the New York State common law of public nuisance, restitution, indemnification, subrogation, and implied indemnity, and the New York Navigation Law, alleging environmental harm arising out of the disposal and release of hazardous substances at the Rochester Fire Academy located on Scottsville Road in the City of Rochester, Monroe County, New York (the "Site"), on

November 15, 2005. The Site was listed on the New York State Registry of Inactive Hazardous Waste Sites as Site Number 828015. The State's Complaint seeks a judgment requiring Defendants to reimburse the State for all past and future costs incurred in responding to the release and threatened release of hazardous substances.

2. The State has voluntarily dismissed this action against Defendant Bastian Bros. Co. and Defendant Luster Coate Metalizing Corp. pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and accordingly they are no longer parties to the proceeding. All of the remaining Defendants have entered into this Consent Decree.

3. The State has alleged that each of the Defendants and/or their predecessors in interest disposed of, and/or arranged for the disposal of hazardous substances at the Site, from which there has been a release or threatened release of hazardous substances as defined by CERCLA.

4. In 1989, the New York State Department of Environmental Conservation ("DEC") and the City of Rochester (the "City") entered into an Order on Consent which obligated the City to perform an investigation of Site conditions and then implement certain remedial measures. After the Site investigation was completed the DEC issued a Record of Decision ("ROD") in March, 1993, which set forth a plan to remediate the Site. The State and the City entered into a State Assistance Contract ("SAC") whereby, pursuant to New York Environmental Conservation Law ("ECL") §§ 27-1313(5)(g) and 52-0303, the State agreed to reimburse the City for 75% of the eligible costs to be incurred by the City in implementing the remedial program at the Site.

5. DEC reimbursed the City 75% of eligible costs in accordance with the SAC. The City and the State have taken response actions at the Site, within the meaning of §101(25) of

CERCLA, 42 U.S.C.§ 9601(25), to remedy the release and/or threatened release of hazardous substances into the environment, including the Site investigation, remedial construction, and other study, planning and enforcement actions related thereto.

6. The State has alleged that it has reimbursed the City over $6.1 million pursuant to the SAC. In addition the State has alleged that it has incurred administrative costs for the investigation and remediation of the Site in the amount of approximately $355,000.

7. The State has determined that prompt settlement of this case is practicable and in the public interest.

8. The parties to this Consent Decree desire to resolve all claims asserted without the necessity of prolonged and complicated litigation. The Defendants deny all allegations asserted against them in Plaintiff's Complaint.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

### I. PURPOSE OF CONSENT DECREE

9. This Consent Decree resolves all claims State has asserted against the Settling Defendants and further resolves any cross claims and counterclaims arising therefrom. This Consent Decree also provides for a collective payment by the Defendants in an amount which represents a fair, reasonable and equitable contribution to all past, present and future response costs alleged or which could have been alleged by the State at the Site.

### II. JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1367. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## III. DISCLAIMER OF ADMISSIONS

11. Nothing in this Consent Decree shall constitute, or be construed as, any evidence or admission against Defendants' interests. In addition, the Settling Defendants specifically deny all of the allegations asserted against them in Plaintiff's Complaint.

## IV. PARTIES BOUND

12. This Consent Decree shall apply to, inure to the benefit of, and be binding upon the State and upon each of the Defendants, including their parents, predecessors, successors, subsidiaries, divisions, affiliates, assigns, officers, directors, shareholders, employees and agents. Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Consent Decree and to bind the party represented by him or her. Any change in ownership or corporate status of any of the Defendants, including any transfer of assets or real or personal property, shall in no way alter Defendants' payment responsibilities or other liabilities or responsibilities under this Consent Decree.

## V. SETTLEMENT TERMS

13. Within 60 days of the effective date of this Consent Decree, the Defendants shall remit to the State the total payment amount of $1,575,000 by certified or cashier's check made payable to the New York State Department of Environmental Conservation.

The check shall be sent to:

> Timothy Hoffman
> Assistant Attorney General
> New York State Department
>  of Law
> Statler Towers, 4th Floor
> 107 Delaware Avenue
> Buffalo, New York 14202

## VI. RELEASE AND COVENANT NOT TO SUE

14. Subject to the provisions of paragraph 13 hereof, in consideration of payment in full by Settling Defendants of their settlement payment obligation and the mutual releases granted hereunder, the Plaintiff releases, discharges and covenants not to sue or take any civil, judicial or administrative action under any federal, state, local or common law against the Settling Defendants and their parents, directors, employees and agents with respect to any and all past and future claims or causes of action relating to the Site for past or future response costs arising out of or relating to the actual or alleged releases or threats of release of hazardous substances from the site, including claims for natural resources damages. This release and covenant not to sue shall take effect with respect to each of the Settling Defendants upon the State's receipt of the total payment amount from Settling Defendants under this Consent Decree.

15. In consideration of the mutual releases and covenants not to sue granted hereunder, Settling Defendants covenant not to sue and agree not to assert against the State or each other any claims or causes of action for past or future response costs arising out of or relating to the actual or alleged release or threats of release of hazardous substances from the Site.

## VII. DISMISSAL OF CLAIMS

16. The Plaintiff dismisses with prejudice and without costs all claims in its Complaint against the Settling Defendants. Such dismissal shall take effect with respect to each of the Settling Defendants upon the State's receipt of the required payment by Defendants under this Consent Decree.

## VIII. CONTRIBUTION PROTECTION

17. Each of the Defendants is entitled, as of the date of receipt by the State of the settlement payment obligation under this Consent Decree, to full and complete protection from

contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2) for matters addressed in this Consent Decree. The matters addressed in this Consent Decree include any and all claims of whatever description for any and all civil liability under federal or state statutory or common law for (1) past or future response costs arising out of or relating to the actual or alleged releases or threats of releases of hazardous substances at or from the Site; or (2) past or future expenditures of any kind or nature associated with or arising from any of the claims asserted or which could have been asserted in the Complaint with respect to the Site; or (3) State natural resources damages with respect to the Site.

## IX. RESERVATION OF RIGHTS

18. Notwithstanding any other provision of this Consent Decree, including the release and covenant not to sue set forth in paragraph 14 hereof, the State reserves its right to institute proceedings in this action or in a new action seeking to compel performance of further response actions relating to the Site as follows:

(a) if DEC discovers releases of hazardous substances from the Site which were not known or detected as of the date of entry of this Consent Decree, and which indicate that the remediation performed to date is not protective of human health and the environment; or

(b) if, after the date of entry of this Consent Decree, DEC receives additional information that is scientifically valid, and that was not available at the time of, or prior to, the date of entry of this Consent Decree, concerning the determinations upon which the remediation was based, and the additional information demonstrates that either the releases of hazardous substances or the health or environmental threats posed thereby are different than those reported at the time the remediation was performed and those conditions indicate that the remediation is not protective of human health and the environment.

## X. EFFECT ON LIABILITY OF OTHER PARTIES

19. Nothing in this Consent Decree is intended as a release of, or covenant not to sue with respect to, any entity that is not a Settling Defendant, and the State and Settling Defendants expressly reserve their rights to sue for any claim or cause of action, administrative or judicial, civil or criminal, past or future, in law or in equity, which they may have against any person, firm, corporation, or other entity that is not a Settling Defendant under this Consent Decree. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Settling Defendant under this Consent Decree.

## XI. COMPLETE AGREEMENT

20. The terms of this Consent Decree shall constitute the complete and entire agreement between the State and the Settling Defendants. No term, condition, understanding or agreement purporting to modify or vary the terms hereof shall be binding unless made in writing and subscribed by the parties to be bound, and approved by the Court. This Consent Order may be executed in counterparts.

## XII. EFFECTIVE DATE

21. This Consent Decree shall become effective when it is entered by the Clerk of the Court (the "Effective Date"). Plaintiff shall notify the Settling Defendants in writing of entry of the Consent Decree within seven (7) days of the entry.

## XII. FINAL JUDGMENT

22.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the State and the Settling Defendants.

Dated: ~~October~~ December 31, 2007
          Buffalo, New York

                                        ANDREW CUOMO
                                        Attorney General of the State of New York
                                        Attorney for Plaintiff

                                By:     _____
                                        TIMOTHY HOFFMAN
                                        Assistant Attorney General
                                        Statler Towers, 4th Floor
                                        107 Delaware Avenue
                                        Buffalo, New York 14202
                                        (716) 853-8465

## XII. FINAL JUDGMENT

22.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the State and the Settling Defendants.

Dated: October ___, 2007
       Buffalo, New York

ANDREW CUOMO
Attorney General of the State of New York
Attorney for Plaintiff

By: _____
TIMOTHY HOFFMAN
Assistant Attorney General
Statler Towers, 4th Floor
107 Delaware Avenue
Buffalo, New York 14202
(716) 853-8465

**SETTLING DEFENDANTS**

BAUSCH & LOMB, INC.

By: *Amy K. Rutell* (signature)

Date: 17 Oct 07

CHLORIDE POWER ELECTTROICS, INC.,
On behalf of its former division
CHLORIDE ELECTRO NETWORK

By: _____

Date: _____

## XII. FINAL JUDGMENT

22.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the State and the Settling Defendants.

Dated: October ___, 2007
       Buffalo, New York

ANDREW CUOMO
Attorney General of the State of New York
Attorney for Plaintiff

By: _____
TIMOTHY HOFFMAN
Assistant Attorney General
Statler Towers, 4th Floor
107 Delaware Avenue
Buffalo, New York 14202
(716) 853-8465

**SETTLING DEFENDANTS**

BAUSCH & LOMB, INC.

By: _____

Date: _____

CHLORIDE POWER ~~ELECTTROICS~~ *Electronics* RJ3,
INC.,
On behalf of its former division
CHLORIDE ~~ELECTRO~~ NETWORK

By: [signature]

Date: 11/27/07

E.I. DUPONT DE NEMOURS & CO.

By: /s/ Michael J. Lukas

Date: 10/17/07

EASTMAN KODAK CO.

By: _____

Date: _____

MONROE COUNTY

By: _____

Date: _____

ROCHESTER GAS & ELECTRIC CO.

By: _____

Date: _____

THE UNIVERSITY OF ROCHESTER

By: _____

Date: _____

XEROX CORP.

By: _____

Date: _____

E.I. DUPONT DE NEMOURS & CO.

By: _____

Date: _____


EASTMAN KODAK CO.

By: _David M. Kiser_____ (initials)

Date: _10/19/07_____


MONROE COUNTY

By: _____

Date: _____


ROCHESTER GAS & ELECTRIC CO.

By: _____

Date: _____


THE UNIVERSITY OF ROCHESTER

By: _____

Date: _____


XEROX CORP.

By: _____

Date: _____

E.I. DUPONT DE NEMOURS & CO.

By: _____

Date: _____


EASTMAN KODAK CO.

By: _____

Date: _____


MONROE COUNTY

By: _____ *[signature]* _____

Date: _____ 10/18/07 _____


ROCHESTER GAS & ELECTRIC CO.

By: _____

Date: _____


THE UNIVERSITY OF ROCHESTER

By: _____

Date: _____


XEROX CORP.

By: _____

Date: _____

E.I. DUPONT DE NEMOURS & CO.

By: _____

Date: _____

EASTMAN KODAK CO.

By: _____

Date: _____

MONROE COUNTY

By: _____

Date: _____

ROCHESTER GAS & ELECTRIC CO.

By: _____[signature]_____

Date: __11/13/07_____

THE UNIVERSITY OF ROCHESTER

By: _____

Date: _____

XEROX CORP.

By: _____

Date: _____

E.I. DUPONT DE NEMOURS & CO.

By: _____

Date: _____

EASTMAN KODAK CO.

By: _____

Date: _____

MONROE COUNTY

By: _____

Date: _____

ROCHESTER GAS & ELECTRIC CO.

By: _____

Date: _____

THE UNIVERSITY OF ROCHESTER

By: _[signature]_____

Date: _10/18/07_____

XEROX CORP.

By: _____

Date: _____

E.I. DUPONT DE NEMOURS & CO.

By: _____

Date: _____

EASTMAN KODAK CO.

By: _____

Date: _____

MONROE COUNTY

By: _____

Date: _____

ROCHESTER GAS & ELECTRIC CO.

By: _____

Date: _____

THE UNIVERSITY OF ROCHESTER

By: _____

Date: _____

XEROX CORP.

By: *Patricia A. Calkins* PATRICIA A. CALKINS

Date: DEC. 4, 2007